BERKSHIRE BANK & TRUST CO. *vs.* EDGAR H. DUKES & others.[1] May 14, 1980. The plaintiff brought an action against the defendants, who were

---

[1] Albert Yourkewicz and Albert Ambrose, neither of whom has appealed from the judgment.

partners doing business as the A & Y Vending Company, seeking to recover the unpaid balance on a note which was executed on behalf of the partnership by the defendants Yourkewicz and Ambrose on August 2, 1978. The plaintiff's motion for summary judgment, Mass.R.Civ.P. 56, 365 Mass. 824-826 (1974), was allowed against all the defendants, and the defendant Dukes appeals. We reverse the judgment.

The partnership agreement among the defendants which was entered into prior to the execution of the note provided that Yourkewicz and Ambrose "shall [not] subscribe any . . . note . . . without the written consent of" Dukes. In his answer to the complaint, Dukes set out this limitation contained in the partnership agreement, and he alleged that he never consented to the execution of the note.

The defendant Dukes was not one of the makers of the note, and he alleged that there was no valid execution of it. See G. L. c. 108A, § 9(4). The plaintiff was required to demonstrate that it did not have knowledge that Yourkewicz and Ambrose lacked authority to sign the note. *Back Bay Natl. Bank* v. *Brickley*, 254 Mass. 261, 267-268 (1926), and cases cited. G. L. c. 108A, § 9(1). Neither plaintiff's complaint nor its affidavit contains any allegation that it took the note without knowledge or notice of the fact that Dukes' written consent was required, see G. L. c. 108A, § 3, or that Yourkewicz and Ambrose otherwise had the apparent authority to execute the note and bind the partnership and all the partners. Thus, the plaintiff failed to show that it was entitled to a summary judgment, contrast *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 558 (1976), and Dukes' has not argued to us that he was entitled to summary judgment under Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).

*Judgment reversed.*

*Damon Williams* for Edgar H. Dukes.
*William A. Darrin, Jr.*, for the plaintiff, submitted a brief.