COMMONWEALTH *vs.* CLAIRE M. FAY, individually and as trustee, & others (and a companion case).[1] December 19, 1980. In this appeal from judgments in favor of the plaintiff, the defendant Fay personally and as trustee of various nursing home trusts argues error in the allowance of motions for summary judgments as to liability (there was a subsequent hearing on damages). There was no error. An examination of the pleadings and affidavits submitted by the plaintiff (see *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 554 [1976]) reveals the absence of any triable issue involving the fact that the defendants were overpaid with respect to nursing home services provided to Medicaid recipients which is the sole issue raised by the complaint. In the only case in which the defendant filed an affidavit in opposition to the motion for summary judgment (none was filed in the other case), the averments of the affidavit miss the mark entirely. Moreover, totally unavailing is the defendant's attack on the propriety of the final rates set by the plaintiff. The defendant's resistance to summary judgment based on the pendency of appeals concerning final rates is without merit because of the statutory mechanism for such appeals in G. L. c. 6A, § 36. Finally, the method of calculating the rate was not open on the motion for summary judgment. See *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare,* 368 Mass. 15, 22, 29-30 (1975).

*Judgment affirmed.*

*Richard H. Gens* for Claire M. Fay.
*William L. Pardee,* Assistant Attorney General, for the Commonwealth.