## A. Bonfatti & Co., Inc. *vs.* Town of Rockport.

Norfolk. November 12, 1981. — December 17, 1981.

Present: Armstrong, Cutter, & Kass, JJ.

*Practice, Civil,* Summary judgment. *Contract,* Public works. *Public Works.*

Where the final requisition by the contractor on a town construction proj-
ect was approved by the town's engineer pursuant to G. L. c. 30,
§ 39K, and the town did not inform the contractor of asserted defects
in the work within the sixty-five days provided by that statute, the
town was liable to the contractor for the balance due under the con-
tract in the absence of facts indicating that the engineer's approval was
made "in bad faith, fraudulently, capriciously or arbitrarily" or was
"based upon error of law." [799-801]

Civil action commenced in the Superior Court Depart-
ment on September 1, 1978.

The case was heard by *Brogna, J.,* on a motion for sum-
mary judgment.

*Janet B. Fierman (David Lee Turner* with her) for the
defendant.

*Edward F. Vena* for the plaintiff.

Kass, J. Under G. L. c. 30, § 39K, a public body must
pay to the contractor on a public construction job the
amount of the final payment requisition within sixty-five
days after the contractor fully completes the work. We
hold that the town of Rockport, whose specially retained
engineer had approved a final requisition in writing, is liable
for the balance of the construction contract in the absence
of facts indicating that the engineer's approval was made
"in bad faith, fraudulently, capriciously, or arbitrarily" or
was "based upon error of law."

We summarize the facts as they emerge from so much of
the parties' pleadings as are uncontested and from cross affi-

davits filed with respect to the plaintiff's motion for summary judgment. That motion was allowed and judgment entered for the plaintiff.

A. Bonfatti & Co., Inc. (Bonfatti), the plaintiff, entered into a written agreement dated August 22, 1974, with the town of Rockport (the town) to build a water pollution control plant and a pumping station. The aggregate contract price, inclusive of approved change orders, was $2,641,828.98, of which the town had paid all but $32,049.02. Construction began shortly after the parties executed the construction contract. Earlier, on February 28, 1974, the town had executed a written agreement with Whitman and Howard, Inc. (the engineer), which had prepared the plans and specifications for the work, engaging the engineer's further services during the bidding, award and construction phases of the project. Those services included inspecting and overseeing Bonfatti's work; reviewing, approving or disapproving monthly payment requisitions by Bonfatti; passing on completion of the work; and approving or disapproving Bonfatti's request for final payment. Bonfatti submitted its request for final payment, in the amount of $32,049.02, on October 27, 1977, and that requisition was endorsed "Approved for payment" on November 17, 1977, by John T. Hannigan, who had acted for the engineer throughout the construction period. Sixty-five days elapsed without payment by the town or the submission by it of any list of unsatisfactory work. About eight months later, on September 1, 1978, Bonfatti filed a complaint claiming the balance due on its final requisition.

In response to Bonfatti's motion for summary judgment, the town has asserted that the pollution plant has not worked properly, indeed, that it has been a calamitous failure, and that far from the town owing Bonfatti anything, the cost of making things right at the pollution plant will be "well over $1,000,000." Accordingly, the town urges, there is a material dispute of fact between it and Bonfatti and the latter's motion for summary judgment ought to have been denied. See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554

(1976); *First Natl. Bank* v. *North Adams Hoosac Sav. Bank*, 7 Mass. App. Ct. 790, 795 (1979).

We return to G. L. c. 30, § 39K, which was inserted in the statutory scheme by St. 1961, c. 627, § 1, an act which carried the caption heading: "An Act providing a method of prompt payment to contractors on contracts for the construction, reconstruction, altering, remodeling, repair or demolition of buildings by the Commonwealth or any political subdivision thereof." It provides, so far as material, that, "After the receipt of a periodic estimate requesting final payment and within sixty-five days after (*a*) the contractor fully completes the work . . . the awarding authority shall pay the contractor the entire balance due on the contract less . . . its estimate of the fair value of its claims against the contractor and of the cost of completing the incomplete and unsatisfactory items of work . . . ." By St. 1971, c. 887, § 2, there was added to § 39K a provision that a "certificate of the architect to the effect that the contractor has fully or substantially completed the work shall . . . be conclusive for the purposes of this section."

By its endorsement of Bonfatti's final requisition the engineer[1] made a certification "to the effect that" the work had been completed. That was conclusive of Bonfatti's entitlement to payment of the balance due. Nothing in the town's pleadings or counter affidavits suggests a rebuttal of the statutory presumption of conclusiveness on the ground that the engineer's act was tainted with bad faith, fraud, or caprice or that his approval of the final requisition "is unsupported by substantial evidence, or is based upon error of law." G. L. c. 30, § 39J, inserted by St. 1961, c. 538, § 1. Accordingly, the judge was right in allowing the motion for summary judgment.[2]

---

[1] The engineer, Whitman & Howard, Inc., it will be recalled, designed the pollution plant, as well as supervised the construction. The engineer, therefore, performed the architectural services for the job and was "the architect" for purposes of the fourth paragraph of § 39K.

[2] Third parties had been added and the summary judgment was a partial one. Upon a determination that there was no just reason for delay, Mass.

Nothing offered by the town bears on facts material to the procedure prescribed in § 39K, viz., final request for payment, response by the public body within sixty-five days as to what in the contractor's work is undone or unsatisfactory, and payment of so much of the final request as is left unchallenged. The town's position is that its detailed assertions concerning the inadequacies of the pollution plant put in issue whether Bonfatti fully completed the contract work in accordance with plans and specifications. None of those shortcomings were raised, however, in the time and manner required by § 39K. It was the duty of the town within sixty-five days to notify the contractor of its claims and to estimate the fair value of those claims and the cost of completing the incomplete and unsatisfactory items of work. On the record before us there was no informal communication by the town to Bonfatti of its grievances, let alone a formal one. Compare *D. Federico Co.* v. *New Bedford Redevelopment Authy.*, 9 Mass. App. Ct. 141, 146-147 (1980). If the town desired its agent, the engineer, to withhold final payment by reason of asserted defects, it could have specified the defects and the estimated cost of removing them and directed the engineer to disapprove the requisition. Had the engineer refused to do so, his bad faith or arbitrariness under § 39J might be placed in issue.

Our cases have repeatedly held the contracting parties to compliance with the statutory requirements which govern public construction. *Albre Marble & Tile Co.* v. *Goverman*, 353 Mass. 546, 549 (1968). *D. Federico Co.* v. *New Bedford Redevelopment Authy.*, *supra* at 145. *Glynn* v. *Gloucester*, 9 Mass. App. Ct. 454, 461 (1980). Were we to accept the town's position that the question of completion may be first raised well after the expiration of the statutory sixty-five days, the statutory purpose of achieving prompt final payments would be undone.[3] We presume that it is an

R.Civ.P. 54(b), 365 Mass. 821 (1974), judgment entered on Bonfatti's complaint against the town.

[3] The town has argued that Bonfatti was timely notified by the engineer that its work was unsatisfactory because the engineer had notified Bon-

object of provisions such as G. L. c. 30, §§ 39F through 39K, inclusive, that the public secure construction at the lowest price. Compare *Interstate Engr. Corp.* v. *Fitchburg,* 367 Mass. 751, 757-758 (1975); *Paul Sardella Constr. Co.* v. *Braintree Housing Authy.,* 3 Mass. App. Ct. 326, 332-333 (1975), *S.C.* 371 Mass. 235 (1976).

What we have said about compliance by public bodies with § 39 does not necessarily foreclose them from subsequent recovery for defects in construction. We do not intimate that they may not seek to use remedies available under the construction contract and general contract law.

The judgment is affirmed and further interest on the judgment shall be assessed in accordance with § 39K.

*So ordered.*

---

fatti on July 25, 1975, that Bonfatti's selection of aerators for the plant "is conditionally acceptable" and that the contractor would be responsible for replacement should the aerators not "perform as specified after installation and tested in place." We think it is obvious that the engineer's approval of the last requisition almost two years later superseded the document dated July 25, 1975.