Burnham, J.
This is an action by an assignee of a security agreement to recover $3,244.65 and reasonable attorneys fees. Pursuant to Mass. R.Civ.P., Rule 56, the plaintiff sought summary judgment, and his motion was allowed. The defendants claim error in the granting of summary judgment. There was no error in the action taken by the trial judge.
The plaintiff is a holder by assignment of a security agreement executed for the benefit of the Rogers Nursing Home and which each of the defendants signed as guarantor. The agreement covers two electric clothing dryers and two washing extractors. The defendants offered a general denial by way of an Answer, and the defenses that (1) the complaint fails to state a claim, (2) the assignor was not a corporation at the time of the initial execution of the security agreement, (3) the security agreement was a result of fraudulent misrepresentations by the plaintiff, and (4) the plaintiff and “its prede *3 cessors” breached the security agreement.
In support of summary judgment, the plaintiff offered the affidavit of its district credit manager, one Fred P. Masnato, made on his personal knowledge and otherwise conforming with Rule 56, to the effect that $3,244.65 was due and owing to the plaintiff under the parties’ agreement. In opposition, defendants essentially reiterated the.defenses set out in.the answer, and submitted the affidavits of one Aaron Stem, to the effect that the equipment was, as of the date of his affidavit, defective, and of the defendant Milton Thibeault to the effect that the assignor had warranted the equipment, which was defective.
We view the facts, as we must, in the light most favorable to the defendants. Our scrutiny of the pleadings and affidavits reveals no genuine issue of material fact upon which the defendants can rely in defense of this action. While the defendants allege a breach of warranty and misrepresentation and submit affidavits in support of these allegations, the parties’ agreement forecloses these defenses. In paragraph #8, the security agreement provides that in the event of assignment of the lessor’s interest the assignee is protected from any claims against the lessor.
The several other defenses raised have no factual support in the defendants’ affidavits. The law is quite clear that an opposing party may not survive a motion for summary judgment merely by reference to defenses already raised in the pleadings; the alleged factual dispute must be made plain through evidence. Community National Bank v. Dawes, 369 Mass. 550, 554 (1976).
There was no such showing as to the other defenses here.
Summary judgment was properly granted in this case, and the report is therefore ordered dismissed.

Report dismissed.