Minehan, J.
This appeal raises the issue of whether plaintiff was entitled to judgment against each defendant pursuant to Dist./Mun. Cts. R. Civ. R, Rule 56 (c) as a matter of law based upon the record before the motion judge.
We find no error.
This case originated on September 7,1995, as a summary process action in the West Roxbury Court. The plaintiff sought to regain possession of the premises and to recover the rent then due and owing from the defendant.
On December 22,1995, the trial judge entered judgment for the landlord, plaintiff and he was given possession of said premises, and damages were assessed in the amount of $9,880.00. The defendant has not paid said sum.
On June 6,1996, the landlord entered this action in the West Roxbury District Court to recover the money awarded by the trial judge in the summary process action, and to recover the same from Richard Donovan (the guarantor) as he is a guarantor of the obligations of the tenants with regard to this lease.
On November 6, 1996, the landlord filed a motion to amend the complaint, to substitute George Garfinkle as the plaintiff, as he is the current trustee of Sportsman Realty Trust. This motion was allowed.
On December 11, 1996, the judge held a hearing on plaintiff’s motion for summary judgment. The judge entered judgment against both the tenant and the guarantor in the amount of $11,101.33.
On or about January 4,1996, Neighborhood Cafe, Inc., a creditor of the tenant with a perfected security interest in the tenant’s business assets, exercised its rights pursuant to said security agreement and took possession of the tenant’s business assets. The Sportsman Realty Trust had no involvement with the sale of the tenant’s assets or with the Neighborhood Cafe, Inc.
*75 At the hearing for summary judgment the landlord presented evidence that the tenant and guarantor failed to satisfy the underlying judgment. The landlord also presented evidence that the trust’s security interest in the tenant’s assets had been extinguished by the actions of a third party creditor.
Rather than disputing their respective obligations, the tenant and the guarantor alleged that the landlord converted the assets of the tenant, and thereby satisfied the debt of the tenant and the obligations of the guarantor. However, beyond making an allegation of conversion, the appellants failed to demonstrate that the alleged conversion was a material fact in the dispute between the appellants and the landlord.
The motion judge determined, correctly in our view, that the plaintiff and moving party met its burden of demonstrating through the pleadings and other materials submitted, that there were no genuine issues of material fact. Community National Bank v. Dawes, 369 Mass. 550, 556 (1976). Rule 56(e) provides that once a motion for summary judgment is made and properly supported by affidavit or otherwise, the opposing party cannot rely upon general denials or his pleadings. His burden is-to set forth specific facts showing a genuine triable issue. We conclude, as did the motion judge, that the defendants failed to meet their burden.
First, as to the corporate defendant, there is nothing in the record before us that would establish a defense to the action. The mere fact that there has been a change of trustee of the plaintiff, a realty trust, neither voids nor renders unenforceable the judgment. The change of trustee does not amount to a change of parties.
Secondly, as to the individual defendant, a demonstration of execution of the instrument guaranteeing the tenant’s lease obligations, and the judgment against the tenant corporation, satisfies the burden of the plaintiff and moving party.
The vague suggestion that the impairment of collateral by reason of alleged removal of trade fixtures, or equipment, or the like, does not rise to a demonstration of a material issue of fact as to a viable suretyship defense.
Summary judgment is required where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, Mass. R. Civ. P., Rule 56(c). Unsupported allegations or denials contained in pleadings will not defeat summary judgment. Cullen Enterprises v. Mass. Property Ins. Underwriting Association, 399 Mass. 886, 889-892, (1987).
We find that there was no error.
The appellants have failed to establish the existence of a genuine issue of material fact, and the Sportsman Realty Trust is entitled to judgment as a matter of law. Judgment is affirmed and the appeal is dismissed.