Crimmins, J.
This appeal raises the issue of whether plaintiff Diane Cournoyer (“Cournoyer”) was entitled to judgment against defendant Debra Cammarato (“Cammarato”) pursuant to Dist./Mun. Cts. R. Civ. R, Rule 56(C) as a matter of law based upon the record before the motion judge. Defendant appealed under Rules 3 and 8C, Dist./Mun. Cts. RADA We determine that there is no error and dismiss the appeal.
This is an action in contract to recover a deposit under a purchase and sale agreement for a residential property owned by the defendant in Mansfield, Massa *201 chusetts. The purchase and sale was never consummated and the plaintiff sued to recover her deposit[1]
Plaintiff Cournoyer and defendant Cammarato executed a purchase and sale agreement on August 26, 1994 for property known and numbered as 952 Plain Street, Mansfield, Massachusetts, owned by Cammarato. Three days after signing the purchase and sale agreement, August 29, 1994, Cammarato filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code. The time specified for closing was September 21, 1994, and this date was extended once to October 13,1994. Subsequently, defendant/appellant Cammarato made a unilateral attempt to conduct a closing on October 20, 1994, but plaintiff/appellee did not agree to attend this event as the defendant/appellant and putative seller of the property had neither applied for a discharge from the Bankruptcy Court nor received permission from the Trustee in Bankruptcy in order to sell the property by the October 20,1994 date.
The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Augat, Inc. v. Liberty Mutual Insurance Company, 410 Mass. 357 (1991). Unsupported allegations or denials contained in pleadings will not defeat summary judgment. Cullen Enterprises v. Mass. Property Ins. Underwriting Association, 399 Mass. 866, 889-899 (1987).
The motion judge found that the plaintiff/movant met its burden of demonstrating through the pleadings, affidavit, and supporting materials filed therewith, that there were no genuine issues of material fact. Community National Bank v. Dawes, 369 Mass. 550, 556 (1976). Mass. R. Civ. P., Rule 56(e) provides that the respondent cannot rely upon general denials on its pleadings, once a motion under this rule is made and supported by affidavit The respondent’s burden is to set forth specific facts in order to establish a triable issue.
A review of the record indicates that the appellant contends that two separate issues of fact were in dispute and thus should have precluded summary judgment. Appellant Cammarato suggests that the record is in conflict first, on whether the plaintiff/appellee was a willing buyer for the property and secondly, whether the appellant intended to dismiss her bankruptcy petition before tendering title.
As to the first matter, the record on this appeal is clear that appellee Cournoyer was an interested, active buyer, whose hesitancy to appear at any scheduled closing had solely to do with the bankruptcy and related title issues that the appellant Cammarato had created after the execution of the purchase and sale agreement.
The second issue on appeal is devoid of merit because the appellant failed to take any action to clear the cloud on the title to her real estate. She could not satisfy the terms of the purchase and sale agreement at any scheduled closing without first dealing with the bankruptcy proceeding.
The appellant argues that her right to a dismissal of her bankruptcy petition, upon application, meant that it was an uncontroverted fact that she had the ability to deliver clear and marketable title. It is undisputed that the appellant Cammarato had the ability to dismiss her bankruptcy petition under Chapter 13 of the Bankruptcy Code upon application. The record on appeal indicates however that the docket of the bankruptcy action is barren of an application to dismiss. Appellant Cammarato alleges a factual dispute when it is clear from the record that the facts are not in dispute. Due to her own actions, appellant Cammarato as seller, could not deliver good, clear and marketable title at the time for closing. The appellant *202 Cammarato clouded her own title and the record on appeal is clear that the appel-lee Cournoyer was ready, willing, and able to close.
Dist./Mun. Cts. R. Civ. R, Rule 56(e) provides that once a motion for summary judgment is made and properly supported by affidavit or otherwise, the burden of the responding party is to allege specific facts showing a genuine triable issue of material fact. The record is clear that the allegations contained in the pleadings submitted by appellant Cammarato were unsupported in fact. We conclude, as did the motion judge, that the appellant Cammarato failed to establish the existence of a genuine issue of material fact and appellee Cournoyer is entitled to judgment as a matter of law.
The defendant’s appeal is dismissed.
So ordered.

 The appellant/defendant filed a counterclaim. Plaintiffs motion to dismiss the counterclaim was allowed by the trial judge on May 6, 1996. The allowance of this motion to dismiss is not before us on appeal.