Merrigan, J.
The motion judge allowed Defendant Safety Insurance Company’s motion for summary judgment from which the Plaintiff Hortensiah Githara, pursuant to Rule 8B of Dist/Mun. Cts. RAD.A, appeals.
The record before us establishes the following: Githara was involved in a two-car motor vehicle accident in December 1997, after which Githara filed a Personal Injury Protection claim with her insurer, Safely. Thereafter, Safety scheduled two physical examinations (March 17,1998, and March 31,1998) for Githara, neither of which she attended. Based upon Githara’s Mure to appear for the medical examinations, Safety denied her PIP claim. In turn, Githara brought a breach of contract claim against Safety.
By allowing Safety’s motion for summary judgment, the motion judge effectively concluded that there was no genuine issue of material fact
The record before the motion judge shows that it was Githara’s contention that she had moved after the accident and that she did not receive notice of the medical exam. This was a suit on Githara’s contract with Safety for insurance. It was Safety’s view that it was not obligated to pay PIP benefits under the contract because of Githara’s non-cooperation as evidenced by her failure to attend the medical examinations. The heart of the matter therefore was whether Githara had received the notices of the medical examinations.
In moving for summary judgment, the moving party has the affirmative obligation to demonstrate the absence of a genuine issue of material feet Here, Safety did not meet that burden. “The inference to be drawn from the burden placed on the moving party is that his Mure to establish the absence of a genuine issue of material feet must, without more from his opponent, defeat his motion.” Community Nat. Bank v. Dawes, 369 Mass. 550 (1976). Ironically, it was the materials submitted by Safely, and not Githara, that require the defeat of Safety’s motion for summary judgment Specifically, the Plaintiffs Responses To Defendants Requests For Admissions (propounded by Safety) contain Githara’s denials under oath that she resided at the address to which the notices were sent In her responses, Githara also denied that she Med to notify the insurer of any change of address.[1] Nevertheless, these responses to requests for admissions were before the motion judge, and were sufficient to prevent Safety from meeting its burden to show the absence of a genuine issue of material feet
Accordingly, we reverse and remand for trial.

 There is no question that Githara’s counsel could have been more effective in raising the genuineness of the disputed fact by an affidavit or the presentation of other materials to support Githara’s contentions.