Rufo, Robert C., J.
Defendant HFP Corporation brings this action for partial summary judgment to limit its liability under a contract with the Brookside Golf Club (“Brookside”) to the contract price of $480, pursuant to a limited liability clause which expressly so states. Plaintiff Berkley Risk Administrators is an insurer that, upon adjusting and paying Brookside’s claim, became its subrogee.
For the reasons discussed below, Defendants’ Motion for Partial Summary Judgment is ALLOWED in part and DENIED in part.
FACTUAL BACKGROUND
In August 2007, Brookside contracted with Defendant to inspect and test the sprinkler system at its facility twice a year, in September and March. Defendant was required, in part, to promptly report any deficiencies discovered during the course of its examination to Brookside. The contract contained a limitation of liability clause that expressly confined Defendant’s liability “for personal injury, death or property damage arising from performance under this contract” to the contract price, $480 per year. See Ex. A.
On March 17, 2008 (after the first yearly inspection but prior to the second), a sprinkler head broke at the Brookside facility, causing extensive water damage to the building. Plaintiff adjusted the claim and paid Brookside $116,356.43, thereby becoming its subrogee. Plaintiff sued HFP for breach of contract and negligently failing to report defects it allegedly discovered during the September inspection. It also alleges that Defendant “willfully and knowingly” failed to comply with an existing public health and safety regulation, NFPA 25,[1] as incorporated into the Massachusetts State Building Code. See 780 CMR 901.4. Chapter 93A, §2(c), authorizes the Attorney General to “make rules and regulations interpreting the provisions of subsection 2(a) of this chapter.” A regulation promulgated by the Attorney General *29 makes an act or practice violative of c. 93A, §2 if “it fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection.” 940 CMR 3.16(3). Thus, Plaintiff contends Defendant’s failure to comply with NFPA 25 constitutes an “unfair and deceptive business practice” under c. 93A.
DISCUSSION
Summary judgment will be granted where no genuine issues exist as to any material fact and where the moving party is entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). A party moving for summary judgment that does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s claim or by demonstrating that proof of that element is “unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
I.Count I: Negligence
In determining whether the record presents a genuine issue of material fact for trial, all facts are viewed in the light most favorable to the party opposing summary judgment. Patsos v. First Albany Corp., 48 Mass.App.Ct. 266, 267 (1999). Assuming, for the purposes of this motion, that Defendant was negligent in failing to notify Brookside of problems with the sprinkler system, its liability for the resulting property damage would clearly “arise[] out of performance under this contract.” Ex. A. Therefore, the limitation of liability clause operates to cap Defendant’s potential liability at $480. Defendant’s Motion for Partial Summaiy Judgment is therefore ALLOWED as to Count I.
II.Count II: Breach of Contract
Interpretation of an unambiguous contract is a question of law for the Court. Basis Technology Corp. v. Amazon.com, Inc., 71 Mass.App.Ct. 29, 36 (2008). Here, the language of the contract is clear, and its validity is undisputed. An unambiguous contract “must be enforced according to its terms.” Freelander v. G.&K. Realty Corp., 357 Mass. 512, 516 (1970). Thus, Defendant’s liability for breach could not exceed $480 per year, pursuant to the freely-negotiated limitation of liability clause. Defendant’s Motion for Partial Summary Judgment is therefore ALLOWED as to Count II.
III.Count III: c. 93A
Factual questions remain regarding the relationship, if any, between the breach of contract claims and Plaintiffs c. 93A claim. Chapter 93A claims may be grounded in activities more closely akin to either breach of contract or tort actions. A c. 93A claim more closely resembling a traditional breach of contract action is subject to limitation of liability provisions within the contract. See Canal Electric Co. v. Westinghouse Electric Corp., 406 Mass. 369, (377) (holding that a limitation of liability provision in a sales contract was enforceable to bar a breach of warranty claim brought pursuant to G.L.c. 93A, §11). This is because, in purely commercial disputes not affecting the public interest, there is no indication that allowing a waiver of c. 93A, § 11 claims would frustrate the public policy underlying the statute. See Canal Electric at 379. In contrast, a limited liability provision does not preclude recovery under §11 when the c. 93A claim is based in tort. VMark Software, Inc. v. EMC Corp., 37 Mass.App.Ct. 610, 620 (1994) (noting that even a common-law misrepresentation, as opposed to one rising to the level of “immoral, unethical, oppressive, or unscrupulous conduct,” would provide the basis for a c. 93A claim). Determining whether Plaintiff could waive its c. 93A, §11 claim by agreeing to the limited liability clause is a fact-intensive inquiry, and therefore, is inappropriate for resolution on the present summary judgment record.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant’s Motion for Partial Summary Judgment is ALLOWED as to Counts I and II. Defendant’s Motion for Partial Summary Judgment is DENIED as to Count III.

 NFPA 25 is the National Fire Protection Association standard governing the scope and manner of fire sprinkler system inspection, testing and maintenance.