Rufo, Robert C., J.
Defendants/Third-Party Plaintiffs J. Kerrissey, Inc., LLC and Joseph B. Kerrissey, Jr. (collectively, “Kerrissey”) have moved for summary judgment on their third-party claim, which seeks to recover against third-party defendant Williams Building Co. for breach of a settlement agreement dated September 28, 2009. Kerrissey also seeks indemnification from Williams pursuant to Paragraph 5 of that agreement. For the reasons discussed below, Kerrissey’s Motion for Summary Judgment is ALLOWED. As a result, Acme Precast Co., Inc.’s Motion for Judgment on the Pleadings is also ALLOWED.
FACTUAL BACKGROUND
J. Kerrissey, Inc. subcontracted with third-party defendant Williams Building Co. and plaintiff Acme Precast Co., among others, to perform work and provide materials, respectively, for a construction project at the Ocean Edge Resort (the “Project”). Following a dispute arising from the Project, Kerrissey sued Williams in Barnstable Superior Court. Subsequently, the parties entered into a settlement agreement, pursuant to which Williams would pay Kerrissey’s out *622 standing debts to specified Project subcontractors in exchange for dismissal of the underlying lawsuit. That provision of the agreement includes $34,887.36 owed to Acme Precast Co. on a septic materials contract. Because Williams has not paid Acme this amount, the debt remains outstanding.
The settlement agreement also provides that Williams will “indemnify and defend J. Kerrissey for any and all losses, past, present and future, related to any of the above-listed subcontractors’ and suppliers’ claims arising out of J. Kerrissey’s work on the project . . .” Finally, the agreement contains a merger clause, which states: “This Agreement contains the entire agreement of the parties hereto. All prior understandings, representations, and statements are merged within this Agreement.” Both parties executed the agreement, and acknowledged their intent to be bound by it.
DISCUSSION
This Court will grant summary judgment where there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). A party moving for summary judgment that does not have the burden of proof at trial may demonstrate the .absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s claim or by demonstrating that proof of that element is "unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). In determining whether the record presents a genuine issue of material fact for trial, all facts are viewed in the light most favorable to the party opposing summary judgment. Patsos v. First Albany Corp., 48 Mass.App.Ct. 266, 267 (1999).
I. Breach of Contract
A comprehensive review of the summary judgment record reveals there are no genuine issues of material fact regarding the amount of Williams’ obligation to Acme under the terms of the settlement agreement. Pursuant to Paragraph 5, Williams was to pay the debts Kerrissey owed to specified subcontractors for “materials and services provided ... on the [Ocean Edge] Project.” Acme Precast Co. was listed as one such subcontractor, with an associated debt of $34,887.36. The merger clause provides that the contract is a complete incorporation of the terms of the parties’ understanding. As a result, absent a facial ambiguity, the Court cannot consider parol evidence; it must interpret the plain language of the contract. See Siebe, Inc. v. Louis M. Gerson Co., Inc., 74 Mass.App.Ct. 544, 550 (2009).
Here, the settlement agreement speaks for itself. The language of the contract is clear and unambiguous, as it is not “readily and clearly susceptible to more than one interpretation.” See Siebe, 74 Mass.App.Ct. at 549. Construing the terms of the contract according to their “plain, ordinary and usual meaning,” Williams agreed to pay the specified subcontractors “for materials and services provided by J. Kerrissey’s subcontractors and suppliers on the project.” See id. The agreement states that the total amount owed “to said subcontractors for materials and services provided by the subcontractors on said Project” is $84,734.94. The following sentence divides that total figure into very precise amounts owed to each subcontractor.[2] Kerrissey’s debt to Acme is listed as $34,887.36.
The purpose of the contract was to define the amount Williams would pay in exchange for dismissal of the underlying lawsuit. Thus, despite Williams’ position that the stated amounts were simply “estimates,” normal construction of the contract suggests that the sum due to Acme was specifically calculated and included as the final, agreed-upon figure. Reading the contract as a whole, the term associating Acme with an unqualified debt is not reasonably susceptible of other meanings. See id. at 549. This is especially so in light of the parties’ desire to define their particular obligations in order to settle their dispute.
Because the parol evidence rule bars the introduction of extrinsic evidence to alter or contradict the terms of an unambiguous written contract, Williams will be unable to meet its burden of demonstrating that a genuine factual issue persists regarding the debt Williams agreed to assume. The finance charges were contemplated when the agreement was drafted, and incorporated into the final figure of $34,887.36. If Williams disputed the accuracy of Acme’s invoices or objected to the inclusion of finance charges, it could have renegotiated the total figure with Kerrissey before executing the agreement. Further, if Williams understood this amount as a mere “estimate” or the “upper limit” of its liability, it could have included language to that effect. Kerrissey’s Motion for Summary Judgment is therefore ALLOWED as to Count I.
Because Kerrissey is entitled to summary judgment on Count I, Acme is entitled to recover the amount it is owed under the settlement agreement. As an intended third-party beneficiary of the contract between Kerrissey and Williams, Acme has standing to enforce the agreement. See Miller v. Mooney, 431 Mass. 57, 61 (1982). It is apparent from the “language and circumstances of the contract” — specifically, Paragraph Five — that the parties “clearly and definitely intended [Acme] to benefit from the promised performance.” See id. Williams’ failure to pay Acme the $34,887.36 initially owed by Kerrissey but assumed by Williams under the settlement agreement constitutes a breach of that agreement, which Acme is entitled to enforce. Accordingly, Acme’s Motion for Judgment on the Pleadings is ALLOWED.
II. Indemnification
Paragraph 5 of the settlement agreement also provides that Williams “agrees to indemnify and defend J. Kerrissey for any and all losses . . . related to any of *623 the above-listed subcontractors’ and suppliers’ claims arising out of J. Kerrissey’s work on the Project, including but not limited to reasonable attorney’s fees and costs.” As Kerrissey is entitled to summary judgment on its breach of contract claim, it is also entitled to indemnification pursuant to Paragraph 5.
The terms of the indemnification clause are clear and unambiguous, and exist within a wholly integrated contract, negotiated by experienced business parties. The indemnification provision entitles Kerrissey, at a minimum, to the attorneys fees and costs it has incurred in defending against Acme’s lawsuit. Williams cannot rely on the defense of impossibility of performance (due to Kerrissey’s alleged noncooperation) while simultaneously alleging that it has performed under the indemnification clause by denying Acme’s claims, taking depositions, and obtaining documents and answers to interrogatories. Kerrissey’s Motion for Summary Judgment is therefore ALLOWED as to Count II.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendants/Third-Party Plaintiffs J. Kerrissey, LLC and Joseph B. Kerrissey, Jr.’s Motion for Summary Judgment is ALLOWED as to both counts. Plaintiff Acme Precast Co., Inc.’s Motion for Judgment on the Pleadings is ALLOWED.

The amount owed to one subcontractor (not at issue in this motion) is listed as “approximately $27,155.35.” The amount associated with each of the remaining four subcontractors, including Acme, is unequivocal. Use of the qualifier “approximately” in connection with just one of the five relevant debts underscores that while the parties were capable of expressing an inexact figure — and opted to do so where they deemed it appropriate — they did not do so with respect to Acme, VersaLoc, Cape Cod Win Water, or Cape Cod Redi Mix.