Botsford, J.
INTRODUCTION
The plaintiff nursing home residents filed this action in 1992, seeking to compel Massachusetts to comply with the transfer and discharge notice and appeal rights granted to nursing home residents under provisions of the Nursing Home Reform Act of 1987, codified as 42 U.S.C. §§1395i-3 and 1396r. Since this action was filed, the Department of Public Welfare (DPW), which at the time administered the Massachusetts Medicaid Program, issued emergency regulations in an attempt to implement the relevant transfer and discharge provisions of the Federal law.[3] According to the plaintiffs, those regulations resolved nearly every claim raised by the plaintiffs in this case.
The plaintiffs now move for partial summary judgment on the issue of liabilfiy with respect to their remaining claims that the defendants have still failed to comply with the relevant Nursing Home Reform Act provisions in two respects. They assert that the defendants have violated their rights as nursing home residents to notice and an opportunity to appeal: (1) transfers from nursing homes to hospitals or other institutions; and (2) refusals to be readmitted to nursing home facilities following hospitalization. There appear to be no facts in dispute.[4] For the reasons discussed below, the plaintiffs’ motion is denied. With respect to the first of their claims, however, the motion is denied without prejudice.
BACKGROUND
Under federal law, nursing home residents have the right not to be transferred or discharged involuntarily unless certain requirements are met. In particular, a resident may not be transferred or discharged unless:
*509 (i) the transfer or discharge is necessary to meet the resident’s welfare and the resident’s welfare cannot be met in the facility;
(ii) the transfer or discharge is appropriate because the resident’s health has improved sufficiently so the resident no longer needs the services provided by the facility;
(iii) the safety of individuals in the facility is endangered;
(iv) the health of individuals in the facility would otherwise be endangered;
(v) the resident has failed ... to pay ... for a stay at the facility; or
(vi) the facility ceases to operate.
42 U.S.C. §1396r(c)(2)(a); 42 U.S.C. §1395i-3(c)(2)(A).[5]
Any time a nursing home intends to “transfer” or “discharge” a resident, the facility must provide the resident with advance notice. 42 U.S.C. §1396r(c)(2)(B); 42 U.S.C. §1395i-3(c)(2)(B). Massachusetts, as a condition for approval of its state Medicaid plan, must provide for a “fair mechanism ... for hearing appeals on transfers and discharges of residents of [nursing] facilities ...” 42 U.S.C. §1396r(e)(3). See 42 U.S.C. §1395i-3(e)(3) (state has identical obligation under Medicare statute).
The Health Care Financing Administration (HCFA), the federal agency responsible for administering the Medicaid and Medicare programs, has promulgated regulations which define both “transfer” and “discharge” as “movement of a resident to a bed outside of the certified facility whether that bed is in the same physical plant or not.” 42 C.F.R. §483.12(a)(1). The terms are further defined as follows:
Discharge means movement from [a nursing home] to a noninstitutional setting when the discharging facility ceases to be legally responsible for the care of the resident.
Transfer means movement from [a nursing home] to another institutional setting when the legal responsibility for the care of the resident changes from the transferring facility to the receiving facility.
42 C.F.R. §483.202.
The Division of Medical Assistance (DMA), the state agency which currently administers the Massachusetts Medicaid program, is responsible for conducting the required fair hearings relative to transfers and discharges. In accordance with this responsibility, DMA has promulgated regulations that, inter alia, set forth; the reasons for which nursing home residents can be transferred or discharged. 130 Code Mass. Regs. §610.220; the contents of the notice that residents must receive before a facility transfers or discharges them, including the right to request a hearing before DMA, id.; and the time frames for notices issued by nursing facilities, 130 Code Mass. Regs. §610.221. DMA’s current regulations define “transfer,” inter alia, as “movement' of a resident from . . . one nursing facility to another nursing facility.” 130 Code Mass. Regs. §610.050.[6] DMA indicated in its brief and at oral argument on this motion that it is in the process of revising its regulations so that the definition of “transfer” will also include movement of a nursing home resident to a hospital. (Defendants’ Opposition to Plaintiffs Motion for Partial Summary Judgment, at 2.)
DISCUSSION
Summary judgment shall be granted where (1) there are no material facts in dispute and (2) the moving party is entitled to judgment as a matter of law. Cassesso u. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating these elements. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
As indicated above, the plaintiff nursing home residents argue that the defendants failed to comply with the transfer and discharge notice and appeal rights granted to them under federal law by (1) not giving nursing home residents notice and a right to appeal transfers to a hospital or institution other than another nursing home; and (2) not giving notice and appeal rights to individuals who are denied readmission to a nursing home after a period of hospitalization. I consider each a claim separately.
1. Transfers to Hospitals or Other Institutions
Presently, the Massachusetts regulations do not provide notice and appeal rights to nursing home residents transferred or discharged to a hospital or indeed any other institution except another nursing home facility. The Massachusetts regulations do provide, generally, for notice and appeal rights to residents who are transferred or discharged, 130 Code Mass. Regs. §610.220 et seq., but the regulatory definitions of “transfer” and “discharge” do not include movement of a resident to a hospital or other institutional setting. 130 Code Mass. Regs. §610.050.[7]
The defendants concede that “nursing home residents should be given notice and the right to a hearing when being transferred to a hospital. . .” (Defendants’ Opposition to Plaintiffs’ Motion for Partial Summary Judgment, at 2 (emphasis in original).) While the defendants thus do not contest this issue, it is worth clarifying in what respects the current DMA regulations fall short of providing the rights guaranteed by federal law.
The Nursing Home Reform Act provides that transfer of a resident is permissible in a number of instances, including when “necessary to meet the resident’s welfare and the resident’s welfare cannot be met in the facility.” 42 U.S.C. §§1396r(e)(2)(A)(i), 1935i-3 (c) (2) (A) (i). Certainly these provisions implicitly contemplate that transfer of a resident may be to a hospital or other institution better able to provide for the resident’s health or safety needs. The HCFA regulations support this view, defining “transfer" to include *510 “movement from [a nursing home] to another institutional setting . . .” 42 C.F.R. §483.202.
Thus, under the federal scheme, the notice and appeal rights of nursing home residents who are “transferred” are not limited, as they are under the present Massachusetts regulations, to situations where residents are moved to another nursing facility or noninstitutional setting. Rather, nursing home residents must be afforded notice and the right to a hearing when transferred to another nursing facility, as well as when the transfer is to a hospital or some other institutional setting.
In sum, the plaintiffs are correct that the Massachusetts regulations must be revised to reflect the clear intent of governing federal law. In view of the defendants’ apparent recognition of this obligation, however, the plaintiffs’ motion for partial summary judgment will be denied at this time on possible mootness grounds, but without prejudice.
2. Refusals to Readmit Following Temporary Hospitalization
The plaintiffs argue that residents who are denied readmission to a nursing facility following a temporary hospitalization are entitled to notice and appeal rights under the federal statutory scheme, and that the Massachusetts regulations do not comply with the federal law. On this issue, I disagree with the plaintiffs.
The Nursing Home Reform Law provision that speaks to readmission and bed hold policy states only that notice of the existence and terms of such a policy or readmission period, if any, is to be given “at the time of transfer of a resident to a hospital or for therapeutic leave . . .” 42 U.S.C. §1396r(c)(2)(D).[8] Nothing in this section suggests that a resident might be entitled to further notice and hearing rights if and when the resident is refused readmission by the nursing home.
Under the Nursing Home Reform Act, notice and appeal rights are premised on a transfer or a discharge. ‘Transfer” is defined by the HCFA solely as the movement of a resident Jroma nursing home to another institutional setting. 42 C.F.R. §483.202 (emphasis added). The definition does not include movement of a resident back to a nursing home when hospitalization is no longer needed. “Discharge” is similarly defined under the HCFA regulations as movement from a nursing home to a non-institutional setting. 42 C.F.R. §483.202. This term also contains no language relating to a resident’s return to a nursing home after a temporary discharge.
Thus, under the federal law, nursing home residents are only entitled to notice and a hearing when they are going to be “transferred” to another institutional setting, or “discharged” to a noninstitutional setting. There is no provision in the Nursing Home Reform Law or the HCFA regulations which allows a nursing home resident to be renotified or which gives such residents another opportunity for a hearing when denied readmission.[9] Accordingly, I conclude that the present Massachusetts regulations are not inconsistent with the governing provisions of 42 U.S.C. §1396r with respect to the notice and appeal rights of nursing home residents who are denied readmission to a nursing home facility after a temporary hospitalization.[10]
ORDER
For the foregoing reasons it is hereby ORDERED that the plaintiffs’ motion for partial summary judgment is DENIED WITHOUT PREJUDICE with respect to the plaintiffs’ claim concerning notice and appeal rights of nursing home residents transferred from nursing homes to hospitals or other institutions. The motion is DENIED as to the plaintiffs’ claim concerning the notice and appeal rights of those nursing home residents who are refused readmission following temporary hospitalization or temporary discharge. A status hearing will be held to determine the status of the defendants’ proposed amendments to its regulations. Counsel are to communicate together and contact the clerk, Robert McDade (494-4267) to arrange a convenient time for the conference before March 31, 1995.

See, DFW State Letter #1004, effective November 1, 1993, amending 106 Code Mass. Regs. 343.000 et seq.

The background information discussed here concerns the relevant statutory and regulatory framework within which this case arises. As indicated above, there are no facts in dispute; indeed, the motion presents no facts whatsoever in the traditional sense. It appears from the amended complaint that the plaintiff George Short is a nursing home resident at the Hammersmith House Nursing Care Center in Saugus, and at least in 1992 had received a notice of discharge. The plaintiff Living Is For The Elderly (L.I.F.E.) is a non-profit corporation with a membership comprising nursing home residents. As nursing home residents, Short and the members of L.I.F.E. have an interest in the manner in which the Commonwealth implements the transfer and discharge provisions of the Nursing Home Reform law.

The first cited statute, 42 U.S.C. §1396r(c)(2)(A), applies to Medicaid-certified nursing home facilities; the second statute applies to Medicare-certified facilities.

Appeals of discharges or transfers for health and safety reasons are handled on an expedited basis. 130 C.M.R. §610.221(C).

The Massachusetts regulations, 130 C.M.R. §610.050 define “discharge” and “transfer" as follows:
Discharge — movement of a resident from a nursing home facility to a noninstitutional setting when the discharging nursing facility ceases to be legally responsible for the care of the resident.
Transfer — movement of a resident from:
(1) a Medicaid-or Medicare-certified bed to a non-certified bed;
(2) a Medicaid-certified bed to a Medicare certified bed;
(3) a Medicare-certified bed to a Medicaid-certified bed; or
(4) one nursing facility to another nursing facility.

Section 1396r(c) (2) (D) provides in relevant part as follows:
*511 (D) Notice on bed-hold policy and readmission
(i) Notice before transfer
Before a resident of a nursing facility is transferred for hospitalization or therapeutic leave, a nursing facility must provide written information to the resident and an immediate family member or legal representative concerning—
(I) the provisions of the State plan under this subchapter regarding the period (if any) during which the resident will be permitted under the State plan to return and resume residence in the facility, and
(II) the policies of the facility regarding such a period, which must be consistent with clause (iii).
(ii) Notice upon transfer
At the time of transfer of a resident to a hospital or for therapeutic leave, a nursing facility must provide written notice to the resident and an immediate family member or legal representative of the duration of any period described in clause (i).
(iii) Permitting the resident to return
A nursing facility must establish and follow a written policy under which a resident—
(I) who is eligible for medical assistance for nursing facility services under a State plan,
(II) who is transferred from the facility for hospitalization or therapeutic leave, and
(III) whose hospitalization or therapeutic leave exceeds a period paid for under the State plan for the holding of a bed in the facility for the resident,
will be permitted to be readmitted to the facility immediately upon the first availability of a bed in a semiprivate room in the facility if, at the time of readmission, the resident requires the services provided by the facility.
There does not appear to be a parallel provision to §1396r(c)(2)(D) in 42 U.S.C. §1395i-3.

Aresident who has been denied readmission has the right to file a complaint with the Department of Public Health. G.L.c. Ill, §72H. The Department is responsible for licensing and certifying nursing home facilities, and a facility’s refusal to readmit a resident may be examined within the licensing and certification process.

The plaintiffs assert in their summary judgment motion that the lack of notice and right to a hearing upon a nursing home’s refusal to readmit a former resident violates the due process rights of the resident as well as the Nursing Home Reform Act. They present no separate argument on the due process claim, however, and I treat it as waived.