Lauriat, J.
The plaintiffs, Somerset Savings Bank and 190 North Shore Road (“190”), the mortgagee and the owner, respectively, of three parcels of land and a 72-unit residential building located at 190 North Shore Road in Revere, Massachusetts,[1] have appealed from a decision of the Zoning Board of Appeals of the City of Revere (“the Board”) revoking 190’s building permit. The plaintiffs have now moved for summary judgment on the ground that the Board had no jurisdiction to render such a decision. For the reasons which follow, the plaintiffs’ motion for summary judgment is allowed.
BACKGROUND
On June 10, 1987, the Building Inspector of the City of Revere (“Revere”) issued Building Permit No. 7397 to 190. The building permit authorized the construction of a 72-unit, five-story residential condominium. Thereafter, 190 commenced construction of the building.
On June 3, 1988, the Attorney General’s office addressed a letter to the Building Inspector of Revere (“the Building Inspector”) alleging that the permit was issued without compliance with G.L.c. 40 §54A. That statute provides in relevant part:
If a city or town or any other person purchases any land formerly used as a railroad right-of-way or any property appurtenant thereto formerly used by any railroad company in the commonwealth, no permit to build a structure of any kind of land so purchased shall be issued by any city or town in the commonwealth without first obtaining, after public hearing, the consent in writing to the issuance of such permit from the secretary of the executive office of transportation and construction.
G.L.c. 40, §54A. In response, the Building Inspector issued a cease and desist order requiring a halt to further construction of the building.[2] 190 then proceeded to the Executive Office of Transportation and Construction (“EOTC”) and sought the requisite approval. That request was denied by the EOTC and an appeal of that decision is currently before the Supreme Judicial Court. By agreement of the parties to that appeal, the EOTC reopened the hearing and its consideration of the application. A hearing was held on April 24, 1994 and the EOTC’s decision on 190’s application is currently pending.[3]
On July 12, 1994, four neighbors (“the Neighbors”) of 190 North Shore Road filed an enforcement request with the Building Inspector pursuant to G.L.c. 40A, §7. The request sought the revocation of the building permit and the removal of the building. The Building Inspector failed to take any of the requested enforcement actions or otherwise respond in writing to the enforcement request.
On July 29, 1994, the Neighbors filed an appeal of the Building Inspector’s failure to act with the Board. On September 21, 1994 and October 26, 1994, the Board held public hearings on the appeal.[4] On October 28, 1994, the Board issued a decision revoking 190’s building permit on the ground that “the permit was issued unlawfully and in violation of M.G.L.c. 40, §54A and is therefore void.” (Ex. A to Defendant’s Memorandum in Support.) The Board further directed *528 the Building Inspector to “immediately revoke Building Permit No. 7397 and to declare the same to be null and void.” Id. This decision is the subject of the present action.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Both parties agree that the scope of the Board’s jurisdiction with regard to building inspectors is defined in G.L.c. 40A, §7. That statute provides in relevant part:
The inspector of buildings, building commissioner or local inspector, or if there are none, in a town, the board of selectmen, or person or board designated by local ordinance or by-law, shall be charged with the enforcement of the zoning ordinance or by-law and shall withhold a permit for the construction, alteration or moving of any building or structure if the building or structure as constructed, altered or moved would be in violation of any zoning ordinance or by-law; and no permit or license shall be granted for a new use of a building, structure or land which use would be in violation of any zoning ordinance or by-law. If the officer or board charged with enforcement of zoning ordinances or by-laws is requested in writing to enforce such ordinances or by-laws against any person allegedly in violation of the same and such officer or board declines to act, he shall notify, in writing, the party requesting such enforcement of any action or refusal to act, and the reasons therefor, within fourteen days of receipt of such request.
G.L.c. 40A, §7 (emphasis added).
The plaintiffs contend that, because G.L.c. 40, §54A is not a zoning ordinance or by-law, the Board had no jurisdiction to revoke the building permit for 190’s alleged non-compliance with that statute. The Neighbors concede that the Board’s authority is limited to enforcing zoning ordinances and by-laws, but they assert that Sections 17.48.020 and 17.48.010 of the Revere Zoning Ordinance (“the Ordinance”) provide the Board with jurisdiction over their appeal. Section 17.48.020 states:
The building inspector shall, upon application, issue a zoning permit for the construction, alteration or use of any building, structure, land or part thereof where he or she determines that such action will not be in violation with the provisions of this title.
Because there is no reference to G.L.c. 40, §54A nor to any other General Laws in the Ordinance, this section does not support the Neighbors’ contention that the Board had jurisdiction to revoke 190’s building permit on the basis of its alleged non-compliance with G.L.c. 40, §54A. The Neighbors, however, assert that Section 17.48.010 provides a second basis for jurisdiction over their appeal. That section states:
No building, structure or land shall be constructed, altered, occupied or used in whole or in part for any purpose until the appropriate certificates, permits and/or licenses have been issued by the building inspector.
While it is true that 190 has not yet obtained consent from the EOTC as required by G.L.c. 40, §54A, it is also clear that 190 halted all construction on the building after receiving the cease and desist order from the Building Inspector in 1988, and that this building has not been occupied or used. Thus, on its face, §17.48.010 has not been violated by 190.
The court has found no provision in the Ordinance which grants the Board jurisdiction to revoke a building permit for the alleged violation of G.L.c. 40, §54A, or for any other violation except that of a zoning ordinance or a by-law. There is no indication that 190’s building permit, when issued, did not comply with the provisions of the Ordinance. Thus, the court concludes that the Board’s decision revoking 190’s building permit was outside the scope of its statutory jurisdiction.
Further, the EOTC is presently reconsidering its denial of 190’s application for consent, and a challenge to the validity of G.L.c. 40, §54A is pending before the Supreme Judicial Court. The EOTC and the Court, rather than the Revere Zoning Board of Appeals, are the appropriate forums for determining whether the mandates of G.L.c. 40, §54A will prevent 190 from completing its construction on the project. Accordingly, the plaintiffs are properly entitled to summary judgment.
ORDER
For the foregoing reasons, the plaintiffs Somerset Savings Bank and 190 North Shore Road’s Motion for Summary Judgment is ALLOWED. It is hereby ORDERED and DECLARED that the Zoning Board of Appeal of the Ciiy of Revere’s decision revoking Building Permit No. 7397 is null and void.

Nhe building is approximately 75% complete.

The Building has remained unfinished and unused since the date of the stop work order.

The action before the Supreme Judicial Court has been stayed by agreement pending the EOTC’s decision.

The plaintiffs contend that they were not given proper notice of the public hearings.