Doerfer, J.
The plaintiffs, J.F. White Contracting Company and the Joint Venture of J.F. White Contracting Company and Dependable Masonry Construction Company, Inc. (collectively “J.F. White”), brought this action against the defendant, Massachusetts Bay Transportation Authority (“MBTA”), arising out of four construction contracts between J.F. White and the MBTA. J.F. White is seeking to be reimbursed for extra overhead costs associated with allowance item work. The MBTA has now moved for summary judgment on the ground that the contract specifications unambiguously prohibit a contractor from receiving re *38 imbursement for overhead costs associated with allowance item work. For the reasons which follow, the defendant’s motion for summary judgment is allowed.
BACKGROUND
The following facts are undisputed:
In contracting with outside contractors, the MBTA prepares a detailed bid solicitation describing the work and the conditions under which it is to be performed. The contractor then decides on his price to perform this work and submits a bid. In its bid documents, the MBTA includes estimates of the costs of allowance item work. The actual costs of the allowance item work are to be borne by the contractor and, thus, the MBTA requires all bidders to carry the allowance item values in their bid. The contract documents specifically provide, however, that if the contractor incurs increased allowance item costs over what was estimated, the contractor will be reimbursed for those additional costs. The contract documents also explicitly state that the contractor’s overhead, associated with allowance item work, will not be reimbursed.
J.F. White entered into four construction contracts with the MBTA. The MBTA concedes that J.F. White incurred costs for allowance work which were six times the amount of the estimates provided by the MBTA in its bid documents. There is no dispute, however, that the MBTA has reimbursed J.F. White for all of the amounts paid by J.F. White to others relating to allowance work.
J.F. White contends thatitis entitled to be reimbursed for its overhead costs, despite the contract language to the contrary, because it did not e^qpect that the actual costs for the allowance items would so greatly exceed the amount stated by the MBTA in its bid solicitations. J.F. White contends that it relied on the estimates provided by the MBTA in preparing its bid and, in fact, spread the amount of the overhead over its contracts.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
“It is . . . elementary that an unambiguous agreement must be enforced according to its terms.” Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992), citing Freelander v. G.&K. Realty Corp., 357 Mass. 512, 516 (1970). The parties agree that the contract unambiguously states that the contractor is not entitled to reimbursement for overhead associated with allowance item work. Nonetheless, J.F. White contends that the contract contains an implied warranty that the cost estimates of the allowance item work are accurate. J.F. White therefore contends that, because the estimates were shown to be inaccurate, it should not be bound to the plain language of the contract excluding overhead as a recoverable cost.
The court disagrees. Under the clear terms of the contract, the parties recognized that the allowance item costs could exceed the amount in the estimate and that the contractor would be reimbursed for all valid allowance item costs, even those beyond the estimate. Thus, if J.F. White relied on the MBTA’s estimates in preparing its bid, that reliance was misplaced and not the result of any misrepresentation on the part of the MBTA. When the contract terms specifically preclude reliance on the furnished estimates, there can be no implied warranty of the accuracy of the estimates. D. Federico Co. Inc. v. Commonwealth, 11 Mass.App.Ct. 248, 252 (1981); compare Richardson Electrical Co. v. Peter Francese & Sons, Inc, Lenox, 21 Mass.App.Ct. 47, 51-52 (1985) (contractor entitled to additional reimbursement because Town failed to put it on notice that it would have to dig an 11,000-foot trench across rocky terrain to accommodate a cable). Accordingly, J.F. White’s contention that it is entitled to recover overhead associated with allowance work because it relied on the MBTA’s cost estimates is without merit.
In the alternative, J.F. White contends that it is entitled to equitable relief under the equitable doctrines of fraud at law or mutual mistake. However, because the court has concluded that the contract clearly and unambiguously prohibits the contractor from recovering overhead associated with allowance item work, equitable relief is inappropriate. Accordingly, the MBTA is entitled to summary judgment.
ORDER
For the foregoing reasons, the defendant Massachusetts Bay Transportation Authority’s Motion for Summary Judgment is ALLOWED.