Spurlock, J.
This action arises out of an employment contract signed by the Superintendent of Lincoln Schools[2] on June 22, 1994 and by the plaintiff, Sheila Rogers, on June 28, 1994. The contract purportedly rehired Ms. Rogers as a teacher for the following school year. The defendants maintain that the offer which Ms. Rogers signed was mistakenly sent to her by the superintendent and that Ms. Rogers was aware of the mistake because she had received a notice of non-renewal two weeks earlier. Both parties now move for summary judgment. Defendant moves for summary judgment on the grounds that the contract is unenforceable under the doctrine of mistake. Plaintiff moves for summary judgment on the grounds that the contract is valid on its face and defendants cannot sustain their burden of proving a mistake at trial. For the reasons stated below, defendants’ motion for summary iudgment is ALLOWED and plaintiffs motion is DENIED.
BACKGROUND
Sheila Rogers taught at the Brooks School in Lincoln from the fall of 1991 through the 1993-94 school year. On June 7, 1994, Ms. Rogers received a notice of nonrenewal for the 1994-95 school year signed by the principal of the Brooks School, Brenda Brathwaite, and the Superintendent of Schools in Lincoln, M. Rebecca van der Bogert. Because Ms. Rogers was a teacher without “professional teacher status,” her teaching contract was one year in length and required only that she be given notice by June 15, 1994 if her contract was not to be renewed for the following school year.[3] G.L.c. 71, §41.
After receiving this notice, Ms. Rogers attempted to reverse the decision of the principal and the superintendent. Ms. Rogers met with the superintendent to ask that her nonrenewal be reconsidered. On June 17, 1994, plaintiff initiated a grievance challenging her nonrenewal pursuant to the collective bargaining agreement. On the same date, Ms. Rogers sent the Superintendent a proposal that she be rehired and transferred to another school within the Lincoln Public School District.
On or about June 23, 1994, Ms. Rogers received a letter from the principal stating that her grievance was denied and that her nonrenewal was not subject to the collective bargaining agreement grievance provisions. On June 27,1994, Ms. Rogers continued the grievance process, filing a level-two grievance regarding her nonrenewal with the superintendent.
Throughout this two week period, petitions were sent by students and teachers to the Superintendent and the school committee in support of Ms. Rogers and the controversy was covered in the media.
On June 28, 1994, form contracts for the following school year were placed in teachers’ mailboxes at the Brooks School. On this date, Ms. Rogers received a form contract in her mailbox signed by the superintendent offering her a position as teacher for the 1994-95 school year. Ms. Rogers promptly signed the contract, accepting its terms, and returned it.
On June 30, 1994, the Superintendent sent Ms. Rogers a letter explaining that the contract which Ms. Rogers had signed was sent to her in error as the result of an office mistake. The letter informed Ms. Rogers that, “Because the form contract was sent to you in error, and you realized the error, the form contract does not serve to reappoint you for the next year and is void and of no effect.”
Ms. Rogers brought this action alleging breach of contract.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Summary judgment is appropriate if there is no real dispute as to the salient facts or if only a question of law is involved. Cassesso, 390 Mass. at 422.
A party seeking to avoid a contract on the basis of a unilateral mistake must prove the existence of a mistake by clear and convincing evidence. Polaroid Corp. v. The Travelers Indemnity Co., 414 Mass. 747, 756 (1993); Covich v. Chambers, 8 Mass. App. Ct. 740, 747 (1979).
In support of their motion for summary judgment, defendants have offered the signed affidavit of M. Rebecca van der Bogert stating that she did not intend to send Ms. Rogers an offer of rehire. As additional support for their claim of mistake, defendants have also offered both the letter dated June 6, 1994 in which the principal and superintendent notified Ms. *505 Rogers of her nonrenewal and Ms. Rogers’ deposition testimony acknowledging receipt of the letter.
In her memorandum in opposition to defendants’ motion for summary judgment, plaintiff states, “while the Plaintiff does not concede that the superintendent or Ms. Phillips issued the contract by mistake, she is willing to accept that representation for purposes of the [defendants’] motion for summary judgment.” Plaintiff does not offer any evidence to rebut defendants’ evidence of mistake. Accordingly, no genuine issue of material fact is created on the issue of the existence of a mistake.
Having proved the existence of a unilateral mistake, a party may avoid a contract on the basis of the mistake if “he does not bear the risk of a mistake and . . . the other party had reason to know of the mistake ...” First Safety Fund National Bank v. Friel, 23 Mass.App.Ct. 583, 588 (1987).
Defendants did not bear the risk of mistake in this transaction because they did not implicitly or explicitly assume the risk, it was not allocated to them by statute, nor does equity demand that this court assign the risk of mistake to the defendants. See First Safety, 23 Mass.App.Ct. at 588 (defendant bore the risk of mistake because it was allocated to her as a “signor” under the U.C.C.); Covich, 8 Mass.App.Ct. at 750 (plaintiff-buyer bore the risk of mistake regarding water drainage on the subject land because he dropped his initial demand that the seller perform percolation tests and then did not perform the tests himself).
Given the events which preceded the letter offering Ms. Rogers employment for the 1994-95 school year, Ms. Rogers had reason to know that the offer was sent in error. Ms. Rogers was given formal notice of her non-renewal weeks before. A few days before the offer arrived, Ms. Rogers received notice that her grievance of the nonrenewal decision was denied. Indeed, Ms. Rogers herself admitted in deposition testimony that she initially suspected that the offer was a mistake and that she signed and returned the offer promptly, without inquiring about the administration’s change in position, in part to avoid learning that it had been sent in error.
Plaintiff argues that despite these facts, the contract cannot be avoided because she did not believe, at the time that she accepted the offer, that a mistake had actually occurred. According to Ms. Rogers’ deposition testimony, after she thought of the possibility of mistake, she concluded that it couldn’t be a mistake because in light of the recent publicity regarding her non-renewal, it was unlikely in her mind that not one of the three people who played a part in preparing the contracts noticed her name on a contract. Additionally, Ms. Rogers rationalized that the recent denial of her grievance did not indicate a mistaken offer because the principal was the one who denied the grievance and the superintendent was the one who made the offer. Ms. Rogers concluded from the inconsistency that the superintendent decided to rehire her without the support of the principal.[4]
The fact that there exists a possible scenario under which the offer sent to Ms. Rogers was not a mistake does not dictate that the contract cannot be avoided on the grounds of mistake. Plaintiff essentially argues that defendant must prove that Ms. Rogers actually knew for certain that a mistake occurred, or that she had reason to know of the specific errors that lead up to the mistaken offer in order for defendant to avoid the contract. This is incorrect. The law only requires that defendant prove Ms. Rogers had reason to know the offer was mistakenly extended. First Safety, 23 Mass.App.Ct. at 588.
As a matter of law, a person has reason to know of the error
... if the inference would be that there is such a substantial chance of the existence of the fact that, if exercising reasonable care with reference to the matter in question, the person would predicate his action upon the assumption of its possible existence.
Restatement (Second) of Contracts, §19, Comment b. Ms. Roger’s admits that her actions in promptly signing the contract without inquiring into the administration’s change in position were based in part of her knowledge of the possible existence of an error. Thus, because Ms. Rogers recognized the possibility that the offer was not intentionally extended and acted on her recognition of that possibility, as a matter of law, she had reason to know of the superintendent’s error.
Because the contract was mistakenly offered to Ms. Rogers and Ms. Rogers had reason to know it was mistakenly offered, it would be inequitable for this court to now force Lincoln Public Schools to honor the contract.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion for summary judgment pursuant to Mass.R.Civ.P. 56 be ALLOWED and plaintiffs motion for summary judgment pursuant to Mass.R.Civ.P. 56 be DENIED.

The contract was signed by M. Rebecca van der Bogert, in her capacity as Superintendent of Schools in Lincoln. The present Superintendent of Schools in Lincoln is Mark McQ-uillan, a defendant in this suit.

If Ms. Rogers had been appointed for a fourth year (1994-95), she would have attained “professional teacher status” under G.L.c. 71, §§41 and 42 and would have been granted the protections therein.

Defendants argue, as an alternative ground for summary judgment, that under the Education Reform Act, the superintendent did not have the authority to rehire Ms. Rogers without the support of Principal Brathwaite. Because this court finds the contract unenforceable under the doctrine of mistake, the issue of the scope of the superintendent’s authority to rehire is not reached.