Martin, J.
The case involves a challenge to the denial of an insurance claim by the plaintiff, Christopher Lovely. The trial judge granted summary judgment. We reverse and remand for trial.
The issue in the case is: did the plaintiff maintain heat in an empty building where the pipes froze and burst. The issue of the frozen pipes is the central material issue in the case that is disputed by both parties. The evidence is contradictory concerning when oil was placed in the oil tank and did the oil pump freeze up; and if it did, what caused it to do so?
Defining a standard for summary judgment are three paramount cases: Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); and Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In the three cases, the Court focused on what is a “genuine issue of material fact.” The standard is that the opponent has insufficient evidence of any fact that is essential to its opponent’s case and of which the opponent would have the burden of proof at hand. In such a situation there can be no genuine issue as to any material facts, since a complete failure of proof concerning an essential element of the non-moving party’s case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-323.
In 1991, the Supreme Judicial Court in Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991), expressly adopted the Celotex standard. In Community National Bank v. Dawes, 369 Mass. 550 (1976), the Court had hailed Rule 56 as a “welcome addition to judicial procedure.” See Connecticut National Bank of Hartford v. Kommit, 31 Mass. App. Ct. 348 (1991); Beatty v. NP Corp., 31 Mass. App. Ct. 606 (1991); and Williams v. Hartman, 413 Mass. 398 (1992).
We find, as a fact, that there were genuine issues of material fact and that we reverse the trial judge and remand for trial.