Borenstein, J.
This matter comes before the Court on defendants’, Richard B. Jenkins, Jr. (“Jenkins”) and Lisa M. Chinal (“Chinal”), motion for summary judgment. Defendants have moved for summary judgment on the grounds that there is no genuine issue of material fact in dispute and pursuant to Mass.R.Civ.P. 56(c), they are entitled to judgment as a matter of law on Counts I and II of plaintiffs, David R. McNamee (“McNamee") complaint.[1] For the reasons set forth below, defendants’ motion for summary judgment as to Counts I and II will be ALLOWED.
BACKGROUND
According to the summary judgment record, the following facts are undisputed: In 1991, McNamee was a sergeant for the Arlington Police Department and was assigned as a supervisor on the night shift. At that time, Jenkins and Chinal were police officers for the Arlington Police Department and were assigned to Sergeant McNamee’s platoon and under his supervision on the night shift.
On November 8, 1991, Officer Richard Femia filed a grievance on behalf of defendant Jenkins and the Arlington Police Patrolman’s Association alleging that Jenkins had been the subject of racial slurs by a ranking officer, on a continuing basis, and with the knowledge of other ranking officers. Pursuant to a request from John F. Carroll (“Carroll”), Director of Police Services,[2] Jenkins and Chinal submitted reports in November of 1991 documenting alleged incidents of racial discrimination by a ranking officer, Sergeant McNamee. Jenkins’ report alleged that McNamee often addressed Jenkins by shouting instructions and profanities, that McNamee filed a false report on September 21, 1991 regarding the location of Jenkins’ cruiser during his shift, and that on November 2, 1991 McNamee used racial slurs in his presence. Chinal’s report alleged that on September 21, 1991 Jenkins’ cruiser was not in an inappropriate location and that she heard McNamee screaming orders at Jenkins over the radio.
On November 25, 1991, John Maher, Arlington’s Director of Labor Relations, responded to the grievance by indicating there was insufficient evidence to conclude Sergeant McNamee had unduly harassed Officer Jenkins.
Oh December 2, 1991, Officer Jenkins filed a complaint in the Middlesex Superior Court naming the Town of Arlington as the sole defendant. This action sought injunctive relief, i.e. the removal of McNamee as his supervisor. No action was taken by the Court and on January 7, 1992, McNamee was transferred from the night shift to the day shift.
In November of 1994, Sergeant McNamee filed this action alleging the statements made by Jenkins and Chinal, pursuant to Carroll’s request, are defamatory and as a result of defendants’ malicious interference, McNamee was transferred to the day shift, thus losing the eight percent (8%) differential from the night shift.
In response to plaintiffs complaint, defendants have filed counterclaims against McNamee alleging harassment and discrimination, however, the details of those claims are not relevant to the current motion.
DISCUSSION
A motion for summary judgment is in order, and shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by “demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To defeat summary judgment, the non-moving party must articulate specific facts, establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. ”[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion . . .” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
*434 The Supreme Judicial Court has indicated they “favor the use of summary judgment procedures in cases where defamation is alleged.” Mulgrew v. Taunton, 410 Mass. 631, 632 (1991), quoting King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987).
A. Count I — Defamation
Count I of plaintiffs complaint alleges that Mc-Namee was defamed by the allegations of Jenkins that he had made a racial slur to Jenkins and had subjected Jenkins to harassment. Additionally, McNamee alleges he was defamed by the statements of Jenkins and Chinal claiming that he had filed a false police report.
In support of their motion for summary judgment, defendants assert that Sergeant McNamee is a public figure and that defendants are public officials performing their official duties, therefore defendants’ statements are protected by a conditional or qualified privilege.
Although this Court is unwilling to interpret Massachusetts case law as holding that a police sergeant is a public figure per se, this Court does, however, find the defendants’ statements subject to a qualified privilege as statements made by public officials performing their official duties. “The conditional privilege is meant to allow public officials to speak freely on matters of public importance. The public has an interest in having a police force comprised of competent and able individuals.” Mulgrew, 410 Mass. at 635. Moreover, the alleged defamatory statements by defendants were made pursuant to a union grievance filed by a third party and were published as a report submitted to their superior officer. Because defendants, as publishers of the statements, and Carroll, as the person receiving the statement, have a common interest in the subject, to investigate a union grievance, and the statements further that interest, defendants’ statements are protected by a qualified privilege. Humphrey v. National Semiconductor Corp., 18 Mass.App.Ct. 132, 133 (1984).
As public officials or persons with a common interest, defendants enjoy a conditional or qualified privilege that “immunizes [them] from liability unless [they] acted with actual malice ... or unless there is unnecessary, unreasonable or excessive publication” and the plaintiff establishes that the defendants published the defamatory information recklessly." Mulgrew, 410 Mass. at 634, quoting Tosti v. Avik, 386 Mass. 721, 726 (1982); see also Bratt v. International Business Machs. Corp., 392 Mass. 508, 509 (1984). In other words, to prevail on defendants’ motion for summary judgment, McNamee must establish that defendants abused their privilege. Humphrey, 18 Mass.App.Ct. at 134.
This Court finds no evidence that defendants abused their privilege by acting with actual malice or for some ulterior purpose “other than protecting the interest for the protection of which the privilege is given.” Id. at 134. A union grievance was filed by a third party and it was alleged that other ranking officers were aware of McNamee’s improper behavior. Pursuant to a grievance investigation the defendants filed written reports of their observations. Plaintiff now contends the statements made by defendants were false and, therefore, defendants have abused their privilege. A mere assertion by the plaintiff that the statements are false, with no supporting evidence, is not evidence of actual malice, nor is it evidence of an ulterior motive by the defendants. “Unsupported allegations will not suffice to defeat a well pleaded motion for summary judgment.” Id. at 136.
Moreover, there is no evidence that defendants “unnecessarily, unreasonably, or excessively” published their statements. Mulgrew, 410 Mass. at 634. In fact, the only persons having access to the information contained within the written reports were superior officers of the Arlington Police Department, thus this limited publication cannot be construed as unnecessary, unreasonable, or excessive.
Because defendants have met their burden of establishing a qualified privilege and because the plaintiff has not met his burden of proving that defendants abused their privilege, summary judgment for Jenkins and Chinal as to Count I of plaintiffs complaint is appropriate. See Humphrey, 18 Mass.App.Ct. at 134.
B. Count II — Interference With Advantageous Relationship
Count II of plaintiffs complaint alleges that the statements made by the defendants pursuant to the grievance investigation and the lawsuit filed by Jenkins in December of 1991 interfered with plaintiffs advantageous relationship with the Town of Arlington, thereby causing harm to the plaintiff in that he was transferred from the night shift to the day shift. In order to make out a claim for interference with an advantageous relationship,
the plaintiff must prove that (1) he had a business relationship for economic benefit with a third party, (2) the defendants knew of the relationship, (3) the defendants interfered with the relationship through improper motive or means, and (4) the plaintiffs loss of advantage resulted directly from the defendants’ conduct.
Kurker v. Hill, 44 Mass.App.Ct. 184, 191 (1998).
In their motion for summary judgment, Jenkins and Chinal assert that no business relationship exists between McNamee and the Town of Arlington, the defendants did not act with improper motive or means, and McNamee’s loss of advantage did not result directly from defendants’ conduct.
Based on the summary judgment record, viewing the evidence in the light most favorable to the nonmoving party, McNamee, this Court finds insufficient evidence that Jenkins and Chinal interfered with plaintiffs relationship with the Town of Arlington through improper motive or means. Pursuant to a re *435 quest by Carroll, defendants each submitted a report alleging discriminatory and harassing behavior by McNamee. Despite plaintiffs assertions, merely alleging that defendants were untruthful does not provide sufficient evidence that defendants acted with an improper motive. Defendants’ motive was to respond to the request of their supervisor, thus their motive was appropriate. Further, the filing of or contributing to a union grievance is the proper means of lodging a complaint against a supervising officer. When the grievance did not provide relief, Jenkins filed a lawsuit in this Court merely asking for injunctive relief. Defendant Jenkins’ motive was to separate himself from McNamee and not to interfere with plaintiffs relationship with the Town of Arlington. Filing the lawsuit was not an improper means of achieving the desired result.
This Court also finds no evidence that McNamee lost an advantage as a direct result of defendants’ conduct. Again, in submitting their reports, defendants were responding to a request made by Carroll in order to allow him to investigate a grievance. There is no indication that plaintiffs transfer from the night shift to the day shift was the direct result of any allegations made by the defendants in their reports submitted to Carroll. In fact, Carroll explicitly stated in his affidavit that McNamee’s transfer had nothing to do with any reports filed pursuant to the grievance investigation. Moreover, there is no indication that McNamee was transferred as a direct result of the lawsuit filed by Jenkins. Carroll, theDirector of Police Services, has complete discretion concerning the assignment of officers to particular duties. It is the actions of Carroll that directly resulted in the transfer of McNamee from the night shift to the day shift. Finally, McNamee himself indicated in his affidavit that he was given a choice between the day shift and another night shift — he chose to be transferred to the day shift, thus choosing to lose the eight percent (8%) differential.
Because defendants have demonstrated that McNamee “has no reasonable expectation of proving [ ] essential elements] of [his claim for interference with an advantageous relationship,]” summary judgment for Jenkins and Chinal as to Count II of plaintiff s complaint is appropriate. Kourouvadlis, 410 Mass. at 716.
ORDER
For the reasons set forth above, it is hereby ordered that defendants’, Richard B. Jenkins, Jr. and Lisa M. Chinal, motion for summary judgment on Count I, defamation, and Count II, interference with advantageous relationship, be ALLOWED.

In Count I of his complaint, the plaintiff alleges that defendants made defamatory statements in a report submitted pursuant to a grievance investigation filed by a third party. In Count II, the plaintiff alleges that defendants interfered with an advantageous relationship resulting in plaintiffs transfer from the night shift to the day shift, thus losing his eight percent (8%) differential.

The Town of Arlington calls its highest police official the “Director of Police Services” rather than “Chief of Police.”