Toomey, J.
This case is before the court on the motion of plaintiff Orix Credit Alliance, Inc. (“Orix") for partial summary judgment.[2] Orix argues that it is entitled to judgment as a matter of law because defendants acknowledge execution of the leases and guarantees at issue. Defendants oppose the motion, contending that there are genuine issues of material fact both as to whether there was a valid verbal modification of the leases and whether Orix is es-topped from bringing this action by its conduct in renegotiating the leases.
Additionally, the defendants have counterclaimed for damages, asserting plaintiffs’ allegedly unfair and deceptive business practices. On the counterclaim, defendants have requested a jury trial. In addition to its motion for partial summary judgment, Orix seeks to strike defendants’ claim for a jury trial on its counterclaims. For the following reasons, both of Orix’ motions will be DENIED.
BACKGROUND
The summary judgment record establishes the following facts. Between December 1994 and August 1995, defendant Strong Equipment Company (“SEC”) executed equipment leases (“leases”) with C.N. Wood (“Wood”). Wood assigned all its right, title and interest in and to the Leases to Orix. In connection with the execution of the Leases, defendants Strong Industries Corp. (“SIC”), R.B. Strong Excavation and Sewerage Contractor, Inc. (“RBS”) and Ronald B. Strong (“Strong”) executed guarantees of the debts, liabilities and obligations of SEC to Orix. The equipment leases contained a waiver of the right to a jury trial.
When the defendants (SEC, SIC, RBS and Strong) failed to make the required payments under the terms of the leases and guarantees, Orix sent each of the defendants a notice of default and demand for payment. Orix then repossessed the equipment at a foreclosure sale.
The foreclosure sale resulted in a deficiency on both equipment leases. Orix attempted to negotiate a workout with defendants, but there is a dispute as to whether any binding agreement was reached.
On December 15, 1997, Orix, acting through its agent, Coady’s Garage and Towing Service, Inc., caused the removal of additional equipment leased by RBS from a work site in Peabody, Massachusetts. Orix did not have a security interest or right to possession in any of that equipment and subsequently returned the equipment after demand by defendants’ attorney. RBS was terminated from the job-site because of Orix’s seizure of the equipment. The termination allegedly caused defendants not only to fail to make a profit, but also to suffer a substantial loss.
DISCUSSION
A court grants summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). At bar, Orix argues that, as a matter of law, it is entitled to the money owed by defendants under the original equipment leases because defendants acknowledge that they signed the leases and defaulted on the payments.
*55 1. The Partial Summary Judgment Issue
Orix has moved for partial summary judgment on its claim for money owed to it by defendants for equipment rental under the leases and guarantees. Defendants respond that, because the leases were modified by oral agreement, there is a genuine issue of material fact concerning the parties’ obligations under the original leases.
It is well established that a party to a commercial transaction is bound by the contract he executes. Mayflower Sea Foods, Inc. v. Integrity Credit Corp., 25 Mass.App.Ct. 453 (1988). Here, language in the leases recites that “(t]his contract contains the entire agreement of the parties and may not be modified except in writing.” Although it is undisputed that defendants executed the leases and guarantees, defendants contend that, notwithstanding the above-quoted language of the lease, the subsequent verbal modifications of the leases ought to be recognized as altering defendants’ obligations.
It is a settled principle of law that “the mode of performance required by a written contract may be varied by a subsequent oral agreement based on consideration.” Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 47 (1991). Even where, as here, there is a provision in the contract that the agreement may be amended only by written instrument, oral modification is not necessarily barred. Cambridgeport Sav. Bank v. Boersner, 413 Mass. 432, 439 (1992). An oral modification of such an agreement may be recognized by a court where “mutual agreement on modification of the requirement of a writing may ... ‘be inferred from the conduct of the parties and from the attendant circumstances’ of the instant case.” Id., quoting First Pa Mortgage Trust v. Dorchester Savings Bank, 395 Mass. 614, 625, (1985), quoting Flynn v. Wallace, 359 Mass. 711, 715 (1971).
Here, in support of their assertion that the leases were modified, defendants contend that Orix orally agreed to refinance and that defendants detrimentally relied on the agreed-upon modification, which was subsequently withdrawn. The summary judgment record may be read to permit an inference that the conduct of the parties suggests the existence of the oral modification urged by defendants. For example, in an affidavit, Strong submits that he compromised an unrelated $80,000 obligation in order to pay an Orix agent the $45,000 required to proceed with the re-financing agreement. Strong further alleges that SEC paid $5,000 to C.N. Wood towards the cost of a motor needed by Orix as additional collateral necessary for the refinancing. The defendants’ assumption of an obligation to provide additional collateral to Orix may constitute consideration sufficient to support the finding of the existence of a subsequent modification of the original financing agreement.
Where defendants have presented evidence of conduct which might persuade a finder of fact that an effective verbal modification was extant, it cannot be said, as a matter of law, that no genuine issues of material fact abide. Consequently, summary judgment is inappropriate on the issue of liability.
2. The Jury Trial Demand Issue
In their counterclaim, defendants demand the right to trial by jury. Orix moves to strike the demand, contending that the leases contain a waiver of the right to jury trial and that said waiver is binding on all obligors under, and guarantors of, the transaction (here, defendants). Thus, Orix argues, defendants waived their right to a jury trial when they signed the guarantees.
Defendants respond that some of their claims arise from the allegedly unlawful self-help actions taken by Orix’s agent, Coady’s Equipment, on December 15, 1997. Defendants argue that, because those claims do not arise out of, or in connection with, the leases or guarantees, the jury waiver clause is inapplicable. Further, they argue that enforcement of the jury waiver clause would serve to shield plaintiffs intentional and wrongful actions.
The leases executed between the parties provide, in pertinent part, “lessor, lessee and any guarantor waive any and all right to a trial by juiy in any action based hereon or in any way relating to this agreement.” The issue before this court, therefore, is whether defendants’ claims are based on, or relate in any way to, the leases.
In support of its position that the res of the counterclaim is subject to the waiver provision, Orix relies on Chase Commercial Corp. v. Owen, 32 Mass.App.Ct. 248, 251 (1992), in which two defendants, who had signed a guaranty agreement, claimed that they were not bound by a jury waiver clause contained in loan and securiiy agreements signed only by a third defendant. The Massachusetts Appeals Court held that the juiy waiver also applied to the guaranty agreement signed by the two defendants. Id. Where the three documents were signed at the same time, and the guaranty made reference to the other agreements, the Court held that all the documents were part of one transaction and that all three defendants had thus waived their right to a juiy trial in eveiy claim relating to that transaction. Id.
Chase is not persuasive with respect to the matter at bar, however, because the issue sub judice is whether the allegedly unlawful repossession of equipment from a job site related to the original lease agreements. The Chase determination that separate documents signed at the time of the transaction were interrelated is of no precedential value at bar. The instant defendants have presented evidence that equipment was wrongfully seized from a job site in retaliation for defendants’ request for an accounting. A lawsuit alleging such an intentional act would not be “based” on, or “in any way” relate to the agreement *56 and would thus fall outside the provisions of the original leases. Plaintiff is therefore not entitled to strike defendants’ claim for a jury trial on its counterclaims.
ORDER
It is therefore ORDERED that plaintiffs motion for partial summary judgment be DENIED. Plaintiffs’ claim to strike defendant’s claim for a jury trial is also DENIED.

 Plaintiffs motion seeks Summary Judgment on the issue of liability only.