Fecteau, Francis R., J.
INTRODUCTION
This matter is before the court on the motion of the defendants, Kenneth J. Vacovec and John G. Ganick, for summary judgment on the plaintiffs complaint. In her complaint, plaintiff Patricia G. Bensetler alleges unlawful termination (Count I), breach of contract (Count II), breach of fiduciary duty (Count III), conspiracy to defraud (Count IV), violation of statute (Count V), ultra vires acts (Count VI), and accounting (Count VII). For the reasons set forth below, the defendants’ motion is ALLOWED.
*476 BACKGROUND
The facts viewed in the light most favorable to the non-moving party as established by the summary judgment record are as follows.
Patricia G. Bensetler (Mrs. Bensetler) and defendant A. Bruce Bensetler (Mr. Bensetler) were married, and both served as officers for Data Plus, Inc., a Massachusetts corporation. Mr. Bensetler served as the corporation’s President, and Mrs. Bensetler served as Treasurer, Clerk, and was an employee managing the corporations’ finances. Mrs. Bensetler alleges that she and Mr. Bensetler each held 44.5% of Data Plus, Inc’s stock, while the defendants maintain that each held 47.5% of the corporate stock. At all relevant times, defendants Kenneth J. Vacovec (Attorney Vacovec) and John G. Ganick (Attorney Ganick) served as counsel for Data Plus, Inc., commencing in June 2000. Mr. Bensetler moved out of the marital home in December of 1999, and both Mr. and Mrs. Bensetler subsequently retained divorce attorneys. Attorney Marion Lili and her associate, Jeffrey Swartz, represented Mrs. Bensetler, and Attorney John Moos represented Mr. Bensetler. Both Attorney Vacovec and Attorney Ganick were aware that both Mr. and Mrs. Bensetler were represented by counsel, and they had been in contact with the Bensetlers’ respective attorneys. There is no evidence that either attorney had represented Mr. Bensetler personally at any relevant time.
In August of 2000, Attorney Ganick drafted the notice of a Data Plus, Inc. special meeting to be held on August 10, 2000 (August 10th meeting) and provided the notice to Mr. Bensetler. Mr. Bensetler alleges that he sent the notice to Mrs. Bensetler’s home address on August 1, 2000. While Mrs. Bensetler states that she did not receive the written notice until after the August 10th meeting, the Bensetlers’ daughter, also a Data Plus, Inc. employee, informed Mrs. Bensetler about the meeting on August 8, 2000. On that same date, Mrs. Bensetler sent an email to Mr. Bensetler stating that their daughter had told her that there was a shareholders’ meeting. Mrs. Bensetler’s email stated that she had “not been notified of the meeting nor the items on the agenda,” and “(a]s such [Mr. Bensetler] [could not] have the meeting.” Later that day, Mrs. Bensetler sent another email to Mr. Bensetler that stated that “[n]otice of meetings should be sent to my attorney as well as a copy to me in advance of the meeting,” and that Mrs. Bensetler would “have Marion notify [Mr. Bensetler’s] attorney as well.”
On August 9, 2000, Mr. Bensetler and Attorney Vacovec had a conversation about Mrs. Bensetler’s involvement in Data Plus, Inc. and determined the agenda for the special meeting. Mr. Bensetler informed Attorney Vacovec that he was going to request that Mrs. Bensetler be terminated from her positions within the corporation and a formal agenda was written up. Prior to the August 10th meeting, Mrs. Bensetler had never met or spoke to either Attorney Vacovec or Attorney Ganick and had never heard Attorney Vacovec’s name.
On August 10, 2000, Attorney Vacovec presided over the special meeting of shareholders that included Mr. Bensetler, Attorney Ganick, and a third shareholder, John Dacey (Mr. Dacey). The defendants assert that Mr. Bensetler and Mr. Dacey held a majority of the shares ofDataPlus, Inc.; Mr. Bensetler with 47.5% and Mr. Dacey with 5% of the company’s shares. Mrs. Bensetler maintains that Mr. Bensetler only held 44.5% of the shares, and therefore, he and Mr. Dacey’s shares totaled only 49.5% of the corporation’s shares. At the August 10th meeting, Mr. Bensetler and Mr. Dacey elected Mr. Dacey as the third director of Data Plus, Inc. Additionally, Mr. Bensetler and Mr. Dacey voted to indemnify Mr. Dacey upon a motion that Attorney Ganick drafted. Mr. Bensetler then moved that from that point forward the meeting be a joint meeting of the shareholders and the directors, and Mr. Bensetler and Mr. Dacey subsequently waived notice of the directors’ meeting. At the meeting, upon Attorney Vacovec’s invitation, Mr. Bensetler described numerous problems with Mrs. Bensetler’s job performance. Based on Mr. Bensetler’s report of Mrs. Bensetler’s job performance, Mr. Bensetler and Mr. Dacey voted to remove Mrs. Bensetler as an officer, signatory, and employee of the corporation.
Following the meeting, Mr. Bensetler, as President of Data Plus, Inc., informed Mrs. Bensetler in a letter dated August 10, 2000, that the directors had voted to relieve Mrs. Bensetler of all her “duties and offices within the company.” On September 8, 2000 (September 8th meeting), the corporation held its annual shareholders’ meeting where Mrs. Bensetler was removed as director. Mrs. Bensetler received notice of the September 8th meeting and informed the corporation, through her attorney, that she would not attend.
Approximately one year later, in a letter dated September 5, 2001, Attorney Ganick provided Mrs. Bensetler notice of Data Plus, Inc.’s annual shareholders’ meeting. Mrs. Bensetler has never met Attorney Ganick, but after he sent this notice she had one or two telephone conversations with him regarding whether she received notice of the meeting and on what date the meeting should take place so that all parties could be present. On September 19,2001, Mrs. Bensetler, who was still a shareholder, attended Data Plus, Inc.’s annual shareholders’ meeting with her then-attorney, Douglas Rowe, at Attorney Vacovec’s office. While Attorney Ganick was not present at the meeting, Attorney Vacovec was present and Mrs. Bensetler met him for the first time. Mr. and Mrs. Bensetler divorced in 2002, and Mrs. Bensetler conveyed her shares of Data Plus, Inc. stock to Mr. Bensetler as part of the divorce agreement.
*477 DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Mass.RCiv.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). In deciding a motion for summary judgment, the court views the facts “in the light most favorable to [the non-moving party], taking all the facts set forth in its supporting affidavits as true.” G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Mass.RCiv.P. 56(e); see Madsen v. Erwin, 395 Mass. 715, 719 (1985); Godbout v. Cousens, 396 Mass. 254, 261 (1985).
In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Mass.RCiv.P. 56(c); Community Nat’l Bank, 369 Mass. at 553. Summary judgment, where appropriate, may be entered against the moving party, or maybe entered as to certain issues and not others which may present a genuine issue of material fact. Community Nat’l Bank, 369 Mass. at 553. The non-moving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the non-moving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis, 410 Mass. at 716.
Defendants, Attorney Vacovec and Attorney Ganick, have moved for summary judgment on all counts of the plaintiffs complaint. The defendants argue that they are entitled to summary judgment because, as counsel for Data Plus, Inc., they owed no fiduciary duly to Mrs. Bensetler, as a director and shareholder, as a matter of law. The defendants are discharged from liability and entitled to summary judgment if no genuine issue of material fact exists with respect to whether the defendants owed Mrs. Bensetler a fiduciary duty.
Massachusetts law imposes a fiduciary duty of the “utmost good faith and loyalty” between officers, directors, and shareholders in a close corporation. Harrison v. NetCentric Corp., 433 Mass. 465, 469 (2001); Charlette v. Charlette Bros. Foundry, Inc., 59 Mass.App.Ct. 34, 43 (2003). The Supreme Judicial Court of Massachusetts has recognized that an attorney for a corporation does not by virtue of that relationship alone have an attorney-client relationship with the officers, directors, or shareholders. Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, AC., 405 Mass. 506, 513 (1989); Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 522 (1989). However, drawing a logical parallel to the fiduciary duty that an attorney for a partnership owes to each partner, the court noted, in dictum, that it is “fairly arguable that an attorney for a close corporation owes a fiduciary duly to the individual shareholders.” Id.
A fiduciary duty is said to arise “when one reposes faith, confidence, and trust in another’s judgment and advice.” Van Brode Group, Inc. v. Bowditch & Dewey, 36 Mass.App.Ct. 509, 516 (1994) (quoting Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler, P.C, 107 Mich.App. 509, 515 (1981)). The duty only arises if the attorney knew that the plaintiff would rely on his services, “but, where that condition is met, the duty is sometimes cast as ‘a duty to nonclients who the attorney knows will rely on the services rendered.’ ” Van Brode Group, Inc., 36 Mass.App.Ct. at 516 (quoting Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524 (1989)). This duty between a corporation’s attorney and individual shareholders is more likely to arise where the number of shareholders is small. Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler, P.C., 107 Mich.App. 509, 516 (1981), cited with approval in Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506 (1989). In the context of a close corporation, the corporation’s attorney generally has close interaction with a shareholder or the shareholders. Fassihi, 107 Mich.App. at 516. This close interaction between the corporation’s attorney and the shareholders can give rise to a fiduciary duty concurrently between the attorney and the corporation and between the attorney and the individual shareholders. Id.
The summary judgment record does not show the existence of a genuine issue of material fact with respect to whether Attorney Vacovec and Attorney Ganick, as counsel for Data Plus, Inc., owed Mrs. Bensetler a fiduciary duty as a director and shareholder of the close corporation. While in theory Attorney Vacovec and Attorney Ganick may have owed Mrs. Bensetler a fiduciary duty as a shareholder of a close corporation, according to the above discussion, whether such a duty arises in fact was dependent upon Mrs. Bensetler having placed her faith, confidence, and trust in Attorney Vacovec and Attorney Ganick’s judgment and advice “because of their close interaction.” See Fassihi, 107 Mich.App. at 516. Mrs. Bensetler acknowledged that she had never even *478 heard Attorney Vacovec’s name or spoke to either attorney before the August 10th meeting. There is no evidence to suggest that Attorney Vacovec or Attorney Ganick owed Mrs. Bensetler a fiduciary duty because there was never any contact between them. The motion record undisputedly demonstrates that Mrs. Bensetler never placed her faith, confidence, and trust in either attorney; consequently, since there had been no opportunity for close interaction between them, no confidence and trust could have been cultivated. Moreover, the facts of this case are significantly distinguishable from those in Fassihi supra, primarily due to the prior legal relationship that had existed between the defendant therein and the other fifty percent shareholder in this two-person radiology practice. The establishment of a fiduciaiy duty between the plaintiff and either attorney requires more of a factual foundation than is contained in this motion record.
There is also no record evidence to suggest that either Attorney Vacovec or Attorney Ganick knew that Mrs. Bensetler was relying on their legal services. Neither attorney had ever met or spoken to Mrs. Bensetler, therefore, they never had any indication that she might rely on their services. Moreover, Attorney Vacovec and Attorney Ganick did not have reason to know or believe that Mrs. Bensetler would rely on their services; rather, they believed that Mrs. Bensetler’s own personal counsel was advising her. Both Attorney Vacovec and Attorney Ganick were aware that Attorney Marion Lili and her associate, Jeffrey Swartz, represented Mrs. Bensetler at the time of the August 10th meeting. Mrs. Bensetler had sent an email directing that all notices of meetings be sent to her attorney, and Attorney Vacovec and Attorney Ganick communicated information to Mrs. Bensetler through her attorney. Mrs. Bensetler, therefore, has failed to present any evidence to demonstrate that Attorney Vacovec and Attorney Ganick knew that she would rely on their services. Accordingly, the defendants are entitled to summary judgment on all counts because there is no evidence to demonstrate the existence of a genuine issue of material fact with respect to whether Attorney Vacovec and Attorney Ganick, as counsel for Data Plus, Inc., owed Mrs. Bensetler a fiduciary duty as a shareholder of a close corporation.
ORDER
For all of the foregoing reasons, it is ORDERED that the motion of the defendants, Kenneth J. Vacovec and John G. Ganick, for summary judgment is ALLOWED and judgment shall enter in favor of these defendants on all counts.