Curran, Dennis
J., J. Wilson Pasteur alleges that his constitutional rights have been violated because he has been prohibited from keeping a musical instrument while a state prisoner at M.C.I. Shirley.
The two defendants, the Superintendent and the Institutional Grievance Coordinator at that facility, have moved to dismiss this action for failure to state a claim on which relief can be granted, or alternatively, for summary judgment because there is no genuine issue of material fact and they are entitled to judgment as a matter of law.
For the following reasons, the defendants’ motion for summary judgment is ALLOWED.

THE FACTS

The undisputed facts as revealed by the summary judgment record, and the disputed facts viewed in the light most favorable to the plaintiff, are as follows.
Wilson Pasteur is a relatively new inmate to the M.C.I. Shirley facility, having been transferred there on April 8, 2008 from M.C.I. Concord. Shortly after his arrival, the property officer informed him that he could not keep his Casio keyboard. Mr. Pasteur grieved the issue; his grievance was denied by the Institutional Grievance Coordinator; he appealed that decision and that too, was denied by the Superintendent, citing state regulations on inmate property, codified at 103 C.M.R. 403.
At M.C.I. Shirley, the Department of Corrections offers rehabilitation and treatment programs for its prisoners: it does not offer music courses or instruction. While the Department was once able to permit a music program, it can do so no longer. Instead, the focus is on drug and alcohol treatment and counseling, and such other similar programs so as to facilitate an inmate’s return to society and reduce recidivism.
The only musical instruments permitted at M.C.I. Shirley are those that have been grand-fathered, i.e., those possessed before the close of the music program. Mr. Pasteur arrived only last year at the facility: the program had been eliminated several years before his arrival.

DISCUSSION

Summary judgment is a “device to make possible the prompt disposition of controversies on the merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983) (citations omitted). Thus, summaty judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Korouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso, 390 Mass. at 422 (1983); Mass.R.Civ. 56c. In considering whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56c. The evidence is “considered with an indulgence in the opposing party’s favor.” Anthony’s Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 828 (1986), quoting National Ass’n. of Government Employees v. Central Broadcasting Corporation, 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980).
Turning to the regulations at issue, this facility seeks to limit what inmates may possess; clothing, toiletries, eyeglasses, dentures, prosthetic devices, padlocks, TVs, radios, fans, hotpots, walkmen, headphones, typewriters, extension cords, jewelry, mirrors, paper, pens, weight belts, gloves, books, newspaper, magazines, personal letters, games, sewing kits, wallets, cups, bowls and musical instruments, among other things.
The stated purpose of the regulations is to control the receipt, storage, release and disposition of inmate property. The unstated purpose, inferred from context, is security: prisons are secure facilities, and inmates’ movements and possessions must be constantly monitored. Jealousy over an inmate’s possessions could easily spark a fight, or worse. Prisons have a legitimate interest in these regulations: to enhance institutional security by reducing places to hide contraband, facilitate quicker and more efficient cell searches, and reduce petty bickering over property and resultant prisoner assaults.
Prisons are an unusual mileau: perspectives that might seem perfectly reasonable outside the walls are anything but inside the institution. Thus, while a correctional facilities’ rules on property may seem off-putting at first glance, reflection reveals their wisdom. These regulations are entitled to deference: prison administrators — not judges[1] — must confront security threats daily. They are the front line of defense, separating order from chaos. They understand their population, and have the training and skills to deal with inmate security issues, not the judiciary. Their work — as unpleasant as it is — is to be respected, not second-guessed or undermined. Thus, when reviewing an agency’s decision, the court is required to give weight to the administrators’ experience, technical competence, and specialized knowledge. G.L.c. 30A, section 14(7).
Accordingly, Mr. Pasteur’s equal protection argument must fail because he is unable to identify any persons similarly situated who were treated differently than he was. Instead, he posits — correctly—that other inmates have musical instruments, but ignores that those inmates’ instruments were “grand fathered-in,” well before his arrival at the institution;[2] Mr. Pasteur does not challenge this assertion. As the Supreme Judicial Court has declared: “(t]he [dlissimilar treatment of dissimilarly treated persons does not violate equal protection.” DuPont v. Commissioner of Corrections, 448 Mass. 389, 399 (2007), quoting 753 Women *334 Prisoners of the District of Columbia Department of Corrections v. District of Columbia, 93 F.3d 910, 924 (D.C.Cir. 1996).
Further, Mr. Pasteur is unable to allege that he is a member of a protected class or that he is being deprived of a fundamental right.
Finally, his claim of a violation of his equal protection rights must be examined in the context of whether the regulatory scheme advances a legitimate state interest. He does not allege that there is a pernicious motive to deny him his instrument; instead, the music program was eliminated because of budget constraints. This was neither arbitrary nor capricious action by the prison officials, nor discriminatory motive or effect. That Mr. Pasteur simply disagrees with the prison policy is not the basis upon which constitutional arguments may prevail.

ORDER

For the foregoing reasons, the defendants’ motion for summary judgment is ALLOWED; and judgment shall enter for the defendants forthwith.

This is not to diminish the significance of judicial security; but truly, the intensity and frequency of prison threats overshadows that experienced by other sectors of society.

Nhe relevant regulation says: “Musical instruments may be authorized for retention by inmates for the purpose of participating in an existing approved program.” 103 C.M.R. 405(5) (g).